UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WILLIAMS,<br><br>              Plaintiff,<br><br>      v.<br><br>CITY OF NEW YORK,<br>P.O. ANTHONY BURGOS,<br>DET. CARLOS LOZADA,<br>P.O. JOSE VALDEZ,<br><br>              Defendants. | ECF CASE<br><br>Case No. 16-CV-6998<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW THE PLAINTIFF, David Williams, by his attorney, Steven M. Warshawsky, for his complaint against the defendants, City of New York, Police Officer Anthony Burgos, Detective Carlos Lozada, and Police Officer Jose Valdez, and alleging upon personal knowledge and information and belief as follows:

**NATURE OF THE CASE**

1.      This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from plaintiff's arrest on October 6, 2015, by officers of the New York City Police Department. The defendant police officers subjected the plaintiff to false arrest and other abuses of police authority, without probable cause or other legal justification. No charges were filed against the plaintiff, who was released from Bronx Central Booking prior to arraignment because the Bronx District Attorney's Office decided not to prosecute the case. Because the defendants knowingly and intentionally violated the plaintiff's clearly established rights, they are not entitled to qualified immunity. By this action, the plaintiff is demanding compensatory damages for the harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from

engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief.  The plaintiff demands trial by jury.

## PARTIES

2.Plaintiff **David Williams** is an adult citizen of New York and resides in Bronx, New York.

3.Defendant **City of New York** is a municipality of the State of New York.  The NYC Corporation Counsel is Zachary Carter.  The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007.  The New York City Police Department is an agency or instrumentality of the City of New York.  The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4.Defendant **P.O. Anthony Burgos** (Shield No. 18252) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 42nd Precinct located at 830 Washington Avenue, Bronx, New York, 10451; (718) 402-3887.  Officer Burgos personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Burgos was acting under color of state law and in the scope of his employment with the NYPD.  Officer Burgos is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

5.Defendant **Det. Carlos Lozada** (Shield No. unknown) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 42nd Precinct located at 830 Washington Avenue, Bronx, New York, 10451; (718) 402-3887.  Detective Lozada personally participated in the unlawful conduct alleged herein.  At all relevant times, Detective Lozada was acting under color of state law and in the scope

of his employment with the NYPD. Detective Lozada is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

6. Defendant **P.O. Jose Valdez** (Shield No. unknown) is an employee of the New York City Police Department. Upon information and belief, his place of business is the NYPD 42nd Precinct located at 830 Washington Avenue, Bronx, New York, 10451; (718) 402-3887. Officer Valdez personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Valdez was acting under color of state law and in the scope of his employment with the NYPD. Officer Valdez is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

8. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

9. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

10. There are no administrative exhaustion requirements for bringing the present civil action under 42 U.S.C. § 1983.

11. On January 4, 2016, within 90 days of his arrest, Mr. Williams served a valid notice of claim on the New York City Comptroller's Office. A 50-h hearing was conducted

by the City on April 29, 2016. To date, the City has neglected or refused to settle this matter administratively. This civil action is being filed within one year and 90 days of the plaintiff's arrest.

## **FACTUAL ALLEGATIONS**

12. On or about Thursday, October 1, 2015, Mr. Williams was visiting with friends in an apartment at the Webster Houses in the Bronx. Also present were his brother Eric, three young women, and a young man whom Mr. Williams did not know.

13. Mr. Williams and his brother arrived at the apartment between 4:00pm and 4:30pm. When they arrived, the other four persons already were there.

14. Mr. Williams was not intoxicated or under the influence of drugs.

15. Approximately 30 minutes later, the young man accosted one of the young women as she came out of the bathroom, physically threatening her, and stealing her cell phone, cigarettes, and cash. He then rushed out of the apartment, with the young lady chasing him.

16. Mr. Williams was shocked by what he had witnessed.

17. Mr. Williams was not involved in the robbery in any manner. He did not know that the young man was going to commit the robbery. He did not participate in the robbery. He did not assist the young man in committing the robbery. He did not assist the young man in escaping from the apartment.

18. Immediately after the robbery occurred, the person who lived in the apartment told everyone to leave. Mr. Williams and his brother went downstairs to the lobby, where there were several police officers. Mr. Williams saw the young woman who had been robbed point out the person who had robbed her to the police officers. The young man ran away and the

police officers ran after him. Mr. Williams does not know if the young man who committed the robbery was apprehended.

19. When Mr. Williams was in the lobby, the young woman who had been robbed did not tell the police that Mr. Williams had robbed her. Mr. Williams was not detained or questioned by the police in connection with the robbery. He was not arrested.

20. On Tuesday, October 6, 2015, Mr. Williams went to a meeting with his parole officer for an unrelated 2003 state conviction. He arrived for the meeting around 12 noon. He waited until 3:30pm or 4:00pm, when he was called by his parole officer. The parole officer escorted Mr. Williams to a small room where two detectives from the NYPD 42nd Precinct were waiting for him.

21. Upon information and belief, the detectives were defendants Det. Carlos Lozada and P.O. Jose Valdez.

22. The two detectives questioned Mr. Williams about the robbery at the apartment and mentioned that another person had been robbed by the same suspect. Mr. Williams told the detectives that he had witnessed the young man committing the robbery, but he did not know the young man and did not see him brandish a handgun.

23. Upon information and belief, the detectives decided to question Mr. Williams about the robbery because the victim told the police that a person named "Yellow," which is Mr. Williams' nickname, was in the apartment when the robbery occurred. Upon information and belief, the victim never identified Mr. Williams or "Yellow" as the perpetrator.

24. Without any evidence connecting Mr. Williams to the crime, the detectives arrested Mr. Williams. He was handcuffed and patted down and his personal property (cell

phone, keys, cash) was confiscated.  No contraband or weapons were found on his person.  He was transported to the 42nd Precinct.

25.     At the precinct, Mr. Williams was fingerprinted and photographed and placed into a holding cell, where he remained from approximately 5:00pm to 3:00am.  While at the precinct, Mr. Williams was questioned further about the robberies.  He consistently denied any involvement in the robberies.

26.     Mr. Williams' arrest was processed by defendant P.O. Anthony Burgos, who is listed on the NYPD Omniform System Arrest Form as the arresting officer.  Without any evidence connecting Mr. Williams to the crime, Officer Burgos charged Mr. Williams with felony robbery in the second degree, aided by another person (P.L. 160.10(1)).

27.     Mr. Williams did not commit these crimes.  He was wrongly accused for no reason other than he has a criminal record and he was in the apartment when one of robberies occurred.

28.     There was no probable cause or other legal justification for Mr. Williams' arrest.  Indeed, the defendants knew there was no probable cause for his arrest.  While Mr. Williams was in custody, one of the detectives (hispanic, black hair, mustache, glasses) told Mr. Williams that when he goes to Central Booking, he most likely will not see a judge, because they do not have enough evidence to arrest and charge him.

29.     Mr. Williams was transported to Bronx Central Booking around 3:00am.  At Central Booking, he was fingerprinted, photographed, and had a retinal scan.  He was detained in a holding cell until approximately 5:00pm on October 7, 2015, when the same hispanic detective retrieved him from the cell, handed some papers to the desk sergeant, told Mr. Williams "today's your lucky day," and released him out a side door.

30.     Mr. Williams was in police custody for approximately 24-25 hours.

31. About a week later, Mr. Williams returned to the courthouse and obtained a copy of the Affidavit in Support of Declining/Deferring Prosecution completed by ADA Julia Forman. The affidavit stated: "The People defer to prosecute the instant matter until an appropriate police-arranged corporeal identification procedure, a line-up, is conducted with both Complainants. Until a positive identification has been made of defendant through such a line-up procedure, the People will be deferring prosecution of defendant for the instant matter."

32. No line-up was conducted with Mr. Williams in connection with these robberies.

33. Upon information and belief, Mr. Williams never was identified by the victims of the robberies as the perpetrator of the crimes.

34. Mr. Williams never was re-arrested in connection with these crimes.

35. As a result of the unlawful arrest, in addition to lost liberty, Mr. Williams suffered severe stress and anxiety. While at the precinct, he started having a migraine headache because he was not able to take his blood pressure medication. He was worried that his parole would be revoked. He was scared about returning to prison. For several months he had problems sleeping because he was worried that the police would be coming back to arrest him. He gained weight due to stress eating. For several months, he was required to submit to more frequent home inspections by his parole officer, more frequent meetings with his parole officer, and more frequent drug testing. The arrest also negatively affected Mr. Williams' personal relationships, including with his girlfriend, who is the mother of his daughter, and with his grandmother, who raised him.

## CLAIMS AGAINST CITY OF NEW YORK

36. The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

37. No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST P.O. ANTHONY BURGOS

38. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Anthony Burgos is liable to the plaintiff under federal and state law, as follows:

39. Count One: false arrest in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

40. Count Two: false arrest in violation of New York state law. The City of New York is vicariously liable for this violation.

41. Officer Burgos is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Burgos. In each instance, it was not reasonable for Officer Burgos to believe his actions did not violate the plaintiff's federal and state law rights.

42. In each instance, Officer Burgos acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

43. As a result of Officer Burgos' unlawful conduct, Mr. Williams suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells),

emotional pain and suffering (past, present, and future), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

44. Mr. Williams is entitled to an award of punitive damages to punish Officer Burgos for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST DET. CARLOS LOZADA

45. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant Det. Carlos Lozada is liable to the plaintiff under federal and state law, as follows:

46. Count Three: false arrest in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

47. Count Four: false arrest in violation of New York state law. The City of New York is vicariously liable for this violation.

48. Detective Lozada is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Detective Lozada. In each instance, it was not reasonable for Detective Lozada to believe his actions did not violate the plaintiff's federal and state law rights.

49. In each instance, Detective Lozada acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

50. As a result of Detective Lozada's unlawful conduct, Mr. Williams suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), emotional pain and suffering (past, present, and future), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

51.     Mr. Williams is entitled to an award of punitive damages to punish Detective Lozada for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. JOSE VALDEZ

52.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Jose Valdez is liable to the plaintiff under federal and state law, as follows:

53.     Count Five:  false arrest in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

54.     Count Six:  false arrest in violation of New York state law.  The City of New York is vicariously liable for this violation.

55.     Officer Valdez is not entitled to qualified immunity for any of these violations.  In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Valdez.  In each instance, it was not reasonable for Officer Valdez to believe his actions did not violate the plaintiff's federal and state law rights.

56.     In each instance, Officer Valdez acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

57.     As a result of Officer Valdez's unlawful conduct, Mr. Williams suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), emotional pain and suffering (past, present, and future), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

58.     Mr. Williams is entitled to an award of punitive damages to punish Officer Valdez for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff David Williams hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE the plaintiff demands judgment against the defendants for:

A. A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

B. A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

C. An award of compensatory damages in an amount no less than $150,000 (against all defendants);

D. An award of punitive damages in an amount no less than $150,000 (against the defendant police officers);

E. An order imposing appropriate equitable remedies on the defendants;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Attorney's fees, costs, and disbursements as allowed by law; and

H. All other relief that the plaintiff may be entitled to under law, or as justice may require.


Dated:   September 7, 2016
         New York, NY

                                    Respectfully submitted,

                                    *Steven M. Warshawsky*
                        By:         _____
                                    STEVEN M. WARSHAWSKY (SW 5431)
                                    The Warshawsky Law Firm
                                    Empire State Building
                                    350 Fifth Avenue, 59th Floor
                                    New York, NY  10118
                                    Tel:  (212) 601-1980
                                    Fax:  (212) 601-2610
                                    Email:  smw@warshawskylawfirm.com
                                    Website:  www.warshawskylawfirm.com

                                    *Attorney for David Williams*